# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENE F. FERNANDEZ,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:13-cv-02158-GMN-VCF

**ORDER**

    Before the court are respondents' motion to dismiss (#9) and petitioner's opposition (#12). Respondents' sole ground for dismissal of this action is that petitioner did not sign the petition under penalty of perjury. Petitioner states that he realized that he sent the petition to the court without some pages, but the missing pages that he later submitted, attached to a letter dated November 22, 2013 (#3), do not include the signature page. Petitioner already has a copy of his petition. The court will send petitioner a blank habeas corpus petition form. Petitioner will need to sign page 9 of the petition form in the appropriate locations and attach it to the end of his copy of the petition. Petitioner then will need to re-file his petition with the signed page 9 of the petition form.

    Petitioner will not need to mail a copy of his re-filed petition to respondents. For this matter, the notice of electronic filing generated by CM/ECF when the re-filed petition is docketed will suffice for service and proof of service upon respondents.

    Petitioner has submitted a motion for reconsideration (#11) of the court's dismissal of ground 6. Ground 6 was a claim that petitioner's conviction for trafficking in a schedule I controlled substance was invalid because the controlled substance at issue, cocaine, is a schedule II controlled substance. The court dismissed the ground because, under Nevada law, cocaine is a schedule I controlled substance. Petitioner now contends that the regulations placing cocaine in Nevada's schedule I violate the doctrine of separation of powers. Petitioner is confusing federal law and state law. Congress has defined cocaine as a schedule II controlled substance for the purposes

of federal law.  However, petitioner was convicted of a violation of state law, not federal law. Nothing in the Constitution of the United States or federal statutes requires Nevada to adopt controlled-substance law identical to federal controlled-substance law.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (#9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that plaintiff shall sign page 9 of the petition form in the appropriate locations.  Petitioner shall then attach the signed page 9 of the form to the end of his copy of the petition for a writ of habeas corpus.  Petitioner shall then re-file his petition with the signed page 9 of the petition form **within fifteen (15) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the court's order directing service (#6), and for the purposes of re-filing the petition only, petitioner need not mail a copy of the re-filed petition to respondents.

**IT IS FURTHER ORDERED** that respondents shall have thirty (30) days from the date of electronic service of the re-filed petition to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (#11) is **DENIED**.

**DATED** this 10th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court