# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENE F. FERNANDEZ,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:13-cv-02158-GMN-VCF

**ORDER**

    The court granted respondents' motion to dismiss (#9), the sole issue being the lack of a signature on the petition for a writ of habeas corpus, and denied petitioner's motion to reconsider the earlier dismissal of ground 6 of the petition. Order (#13). Petitioner has filed a notice of appeal. This court did not authorize an interlocutory appeal, and the court will not issue a certificate of appealability.

    Petitioner has filed a motion for leave to file a petition (#15). Petitioner is asking for the transcripts of some of the court proceedings. The court denies his request. If, after reviewing respondents' answer and other exhibits, the court concludes that it needs to read those transcripts, the court will order respondents to provide them.

    Petitioner has filed a motion for clarification and correction (#16). First, he complains that the signed petition he was required to file actually was filed in another, now closed case, 2:14-cv-01595-JAD-CWH. The clerk did that because petitioner did not put the case number of this action on the petition. The court will transfer the petition from the other action into this action. Second, petitioner complains that mail was sent to the High Desert State Prison after he mailed a notice to the court on August 31, 2014, that he was now held at the Northern Nevada Correctional Center. The court received that notice on September 11, 2014, and entered it into the docket the next day. Everything filed in this action after that date has been mailed to the correct address.

    Petitioner has filed a motion for appointment of counsel (#19). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially

eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED** that a certificate of appealability shall not issue with respect to the notice of appeal (#17).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a petition (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for clarification and correction (#16) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (#19) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of the court shall take petition for a writ of habeas corpus in the court's docket at #1 of Fernandez v. Cox, Case No. 2:14-cv-01595-JAD-CWH, and file it in this action as an amended petition. Briefing in accordance with the court's order (#13) of September 10, 2014, shall then proceed.

**DATED** this 19th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court