UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENE FERNANDEZ,  )<br>                                       )<br>               Petitioner,     )<br>     vs.                                )<br>                                       )<br>JAMES GREG COX, *et al.*,  )<br>                                       )<br>               Respondents.  )<br>_____ ) | Case No.: 2:13-cv-02158-GMN-VCF<br><br>**ORDER** |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is Respondents' Motion to Dismiss (ECF No. 30).

I.     **BACKGROUND**

Following a jury trial in the Eighth Judicial District for the State of Nevada, Petitioner was convicted of Count 1, conspiracy to violate controlled substance act, Count 2, trafficking in controlled substance, and Count 3, transport of a controlled substance. (Ex. 2, ECF No. 31-2). As to Count 1, the Appellant was sentenced to a maximum of seventy two months with a minimum parole eligibility after twenty four months. (*Id.*). As to Count 2, to a maximum of twenty five years with a minimum parole eligibility after one hundred and twenty months, to run concurrent with Count 1. (*Id.*). As to Count 3, to a maximum of seventy two months with a minimum parole eligibility after twenty four months, to run concurrent with Counts 1 and 2. (*Id.*). The judgment of conviction was entered on May 26, 2011. (*Id.*). Petitioner appealed his conviction. (Ex. 3, ECF No. 31-3). On February 8, 2012, the Nevada Supreme Court affirmed Petitioner's conviction. (Ex. 5, ECF No. 31-5). Remittitur issued on March 12, 2012. (Ex. 7, ECF No. 31-8).

On August 10, 2012, Petitioner filed a *pro se* state petition for a writ of habeas corpus. (Ex. 6, ECF No. 31-6). On November 27, 2012, the state district court denied the petition. (Ex. 8, ECF No. 31-9). Petitioner appealed the denial of his state habeas petition, and on October 16, 2013, the Nevada Supreme Court affirmed the denial of the state habeas petition. (Ex. 9, ECF No. 31-10).

On November 19, 2013, Petitioner dispatched—mailed or handed to a correctional officer for mailing—his federal habeas petition to this Court, which was filed on the docket on June 13, 2014. (Petition ¶ 5, ECF No. 7). However, on July 14, 2014, Respondents filed a Motion to Dismiss, asserting that Petitioner's petition contained no signature, no statement under penalty of perjury, and no verification. (Mot. Dismiss 2:11–13, ECF No. 9). Subsequently, on September 10, 2014, the Court granted the Motion to Dismiss, ordering Petitioner to sign page 9 of the petition form in the appropriate locations and re-file his petition with the signed page of the petition within fifteen days from the date of entry of the order. (ECF No. 13).

Petitioner then filed a Motion for Clarification and Correction, complaining that the signed petition he was required to file actually was filed in another, now closed case, 2:14-cv-01595-JAD-CWH, on September 29, 2014. (ECF No. 16). The clerk did that because Petitioner did not put the case number of this action on the petition. Accordingly, on December 19, 2014, the Court transferred the petition from the other action into this action. (*See* Am. Pet., ECF No. 21).

Respondents filed the instant Motion to Dismiss on February 24, 2015. (ECF No. 30). Petitioner sought and received an extension of time in which to file his response to the Motion to Dismiss. (ECF Nos. 33–34). The deadline for Petitioner to file a response to the Motion to Dismiss has expired, and Petitioner has not filed a response with the Court. The failure to oppose the Motion constitutes consent to granting the Motion pursuant to Local Rules 7–2(d).

Petitioner's failure to oppose the Motion to Dismiss constitutes adequate grounds to grant the Motion, however, the Court will analyze the arguments made in the Motion to Dismiss.

## II. <u>DISCUSSION</u>

### A. Timeliness

In the Motion to Dismiss, Respondents assert that the federal habeas petition is untimely. (Mot. Dismiss 5:23–6:18).  The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup.Ct. R. 13.1.  Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment."  Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim…." 28 U.S.C. § 2244(d)(2).

In the instant case, the judgment of conviction was entered on May 26, 2011. (Ex. 2, ECF 31-2).  The Nevada Supreme Court's order of affirmance on direct review was filed on February 8, 2012. (Ex. 5, ECF No. 31-5).  Because Petitioner did not file a petition for writ of certiorari to the United States Supreme Court, the conviction became final on May 8, 2012,

which is ninety days after the Nevada Supreme Court filed its order of affirmance. Accordingly, the AEDPA statute of limitations began to run on May 8, 2012.

On August 10, 2012, when Petitioner filed his state habeas petition, 94 days of untolled time for filing a federal petition had elapsed. (Ex. 6, ECF No. 31-6).  The AEDPA limitations period was tolled until Petitioner's state habeas petition and appeal from the denial of the petition was resolved by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2).  On October 16, 2013, the Nevada Supreme Court entered an order affirming the denial of Petitioner's post-conviction state habeas petition. (Ex. 9, ECF No. 31-10).  The Nevada Supreme Court issued remittitur on November 14, 2013. *See* Nev. R. App. P. 41.  The period of tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on November 14, 2013.  The AEDPA statute of limitations began to run again and expired 271 days later, on August 12, 2014.

If the Court treats Petitioner's petition as filed on September 29, 2014, when Petitioner refiled his signed petition that was entered in a new action, the petition is untimely.  However, if the Court treats Petitioner's petition as filed on November 19, 2013, the date Petitioner dispatched—mailed or handed to a correctional officer for mailing—his federal habeas petition to this Court, the petition is timely.

Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he clerk must file the petition and enter it on the docket."  The Advisory Committee Note to Rule 3 further explain as follows:

> [The AEDPA] added a one-year statute of limitations to petitions filed under § 2254, *see* 28 U.S.C. § 2244(d)(1).  Thus, a court's dismissal of a defective petition may pose a significant penalty for a petitioner who may not be able to file a corrected petition within the one-year limitations period.  The Committee believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2.  Thus, revised Rule 3(b) requires the clerk to file a petition, even though it may otherwise fail to comply with Rule 2.

Advisory Committee Note to Rule 3, Rules Governing Section 2254 Cases.  Thus, the Court deems the Petitioner's federal petition to be filed on November 19, 2013.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).  Accordingly, the Court finds that Petitioner timely filed his petition and denies Respondents' Motion to Dismiss on this basis.

### B. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts.  To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Moreover, to exhaust a claim, a petitioner must have presented his federal constitutional issue before the highest available state court "within the four corners of his appellate briefing." *Castillo*, 399 F.3d at 1000.  The state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue ..." nor is it "required to review the parties'

1 trial court pleadings to see if it [can] discover for itself a federal constitutional issue." *Id.* (citing
2 *Baldwin v. Reese*, 541 U.S. 27 (2004)) (declining to require state appellate judges to read lower
3 court state opinions).

Respondents assert that Petitioner failed to exhaust Ground 1(1) "regarding counsel's failure to challenge the alleged failure of the State to meet its burden of proof under the scintilla-of-evidence standard in the preliminary hearing." (Mot. Dismiss 6:20–22).  However, the allegations contained in Ground 1 of Petitioner's federal petition are nearly identical to the allegations contained in Petitioner's post-conviction state petition, which was reviewed by the Nevada Supreme Court on appeal. (*See* Ex. 6, ECF No. 31-6; Ex. 9, ECF No. 31-10).  Thus, the Court finds that Ground 1 of the petition is exhausted and may proceed.  Accordingly, the Court denies Respondents' Motion to Dismiss on this basis.

### C. Failure to State a Claim

Respondents also assert that Petitioner "must choose between claim 3 and claim 7, and cannot bring both claims as they are inherently conflictual, and the facts of both cannot be true." (Mot. Dismiss 8:17–18).  However, Federal Rule of Civil Procedure 8(d)(2) expressly permits a party to set out 2 or more statements of a claim in the alternative, and the pleading as a whole is sufficient if at least one of the alternative statements is sufficient.  Further, pursuant to Rule 8(d)(3), these alternative statements need not be consistent.  Thus, although claims 3 and 7 of the petition may be "inherently conflictual," Petitioner is free to argue in the alternative.  Accordingly, the Court denies Respondents' Motion to Dismiss on this basis.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall have forty-five (45) days from the date on which this order is entered to answer the amended petition (#21). The answer must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

**DATED** this 10th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge