# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENE F. FERNANDEZ,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:13-cv-02158-GMN-VCF

**ORDER**

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 21), respondents' answer (ECF No. 50), and petitioner's reply (ECF No. 51). The court finds that relief is not warranted, and the court denies the petition.

After a jury trial, petitioner was convicted of one count each of conspiracy to violate the controlled substance act, trafficking in a controlled substance, and transport of a controlled substance. Ex. 2 (ECF No. 31-2). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 5 (ECF No. 31-5).

Petitioner then filed in the state district court a post-conviction habeas corpus petition and a subsequent supplement. Ex. 6 (ECF No. 31-6), Ex. 6A (ECF No. 31-7). The state district court denied the petition. Ex. 8 (ECF No. 31-9). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 9 (ECF No. 31-10).

Petitioner then commenced this action. The court dismissed ground 6 because it was based upon a confusion of the federal and state schedules of controlled substances. ECF No. 6, ECF No. 49. The answer and the reply followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

All claims are claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (citations omitted).

A state trooper stopped a vehicle driven by petitioner. Rodney Sierz was the passenger and the registered owner of the car. The trooper checked the records for both men and found that both men had criminal histories regarding narcotics. Both men gave vague and inconsistent answers to the trooper's questions. The trooper called for a detective with a narcotic-detecting dog. The trooper also obtained written consent from both men to search the vehicle. The dog signaled the presence of narcotics near a speaker box in the rear of the vehicle. The trooper found a concealed compartment that contained ten pounds of cocaine. The trooper also found a folded dollar bill that contained cocaine inside the folds. Petitioner declined to answer questions. Sierz did answer questions. Later, Sierz agreed to plead guilty in exchange for testimony against petitioner.

Grounds 1 and 2 blend into each other, and the court will consider them together. Petitioner claims that counsel failed to object to the prosecution voluntarily dismissing the charges against him without prejudice. Later, when the prosecution went to the grand jury, petitioner claims that counsel

1  failed to object to the sufficiency of the notice that grand-jury proceedings against petitioner had

2  commenced. On these issues, the Nevada Supreme Court held:

> First, appellant claimed that his counsel was ineffective for allowing the State to voluntarily dismiss the charges without prejudice. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The State properly dismissed the charges without prejudice prior to appellant's preliminary hearing. See NRS 174.085(5). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued the initial dismissal of the charges was improper. Therefore, the district court did not err in denying this claim.
>
> Second, appellant claimed that his counsel was ineffective for failing to argue that he did not receive proper notice of the grand jury proceedings. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's second counsel filed a pretrial petition for a writ of habeas corpus, arguing that appellant was not properly notified of the grand jury proceedings. Given the overwhelming evidence of appellant's guilt presented at trial, he failed to demonstrate a reasonable probability of a different outcome had counsel raised further arguments regarding the grand jury proceedings. See United States v. Mechanik, 475 U.S. 66, 70 (1986); Lisle v. State, 113 Nev. 540, 551-52, 937 P.2d 473, 480 (1997). Therefore, the district court did not err in denying this claim. [Footnote 2: To the extent appellant claimed that his trial counsel was ineffective for failing to notify him of the grand jury proceedings or for failing to argue that the notice of the grand jury hearing was inadequate, appellant failed to demonstrate that he was prejudiced given the overwhelming evidence of his guilt for the charged crimes. See id.]

Ex. 9, at 2-3 (ECF No. 31-10, at 3-4). Regarding the notice of grand-jury proceedings, counsel actually did what petitioner claims counsel should have done. Furthermore, all of the claims in grounds 1 and 2 are without merit. The jury's verdict of guilt makes harmless any constitutional error in the voluntary dismissal of the preliminary hearing and then submission of the case to the grand jury. See United States v. Mechanik, 475 U.S. 66, 70 (1986). See also Williams v. Stewart, 441 F.3d 1030, 1042 (9th Cir. 2006). Therefore, petitioner could not have suffered any prejudice. Grounds 1 and 2 are without merit.

      Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability for grounds 1 and 2.

      Ground 3 is a claim that counsel operated under a conflict of interest. The same lawyer represented petitioner at trial and on direct appeal, and thus ground 3 is partially a claim of ineffective assistance of appellate counsel. The court will address the appellate-counsel claim toward the end of this order, after addressing all the trial-counsel claims in the amended petition. On the issue of trial counsel operating under a conflict of interest, the Nevada Supreme Court held:

> Third, appellant claimed that his trial counsel had a conflict of interest because counsel conceded his guilt for two counts during the first trial. Appellant failed to demonstrate that his counsel had a conflict of interest. Appellant's first trial ended in a mistrial and counsel did not concede appellant's guilt during the second trial. Under these circumstances, appellant failed to demonstrate an actual conflict of interest or that his counsel had divided loyalties. . . . Moreover, appellant did not demonstrate that the attorney-client relationship had collapsed. . . . Therefore, the district court did not err in denying this claim.

Ex. 9, at 3 (ECF No. 31-10, at 4) (citations omitted). Petitioner did not allege any facts indicating that counsel operated under an actual conflict of interest in the second trial. The court agrees with respondents that petitioner actually has alleged an error by counsel in the first trial, and that error did not occur in the second trial.[1] The Nevada Supreme Court reasonably applied <u>Strickland</u>.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability for this part of ground 3.

Ground 4 is a claim that counsel failed to submit to the jury the question whether Sierz was an accomplice, because under state law an accomplice's testimony must be corroborated. On this issue, the Nevada Supreme Court held:

> Sixth, appellant claimed that his trial counsel was ineffective for failing to argue that there was insufficient evidence for his convictions because they were based solely on the testimony of his accomplice. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The evidence necessary to corroborate accomplice testimony need not, by itself, be sufficient to establish guilt. . . . "If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration requirement contained in NRS 175.291 is satisfied." . . . Appellant was discovered driving a vehicle that contained approximately 10 pounds of cocaine, which was sufficient to corroborate his accomplice's testimony. In addition, all of the evidence produced at trial provided overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim. [Footnote 3: Appellant also appears to contend that his counsel was ineffective for failing to argue that the jury should have determined whether his codefendant was an accomplice to the crime. As appellant's codefendant agreed to enter a guilty plea prior to the trial, the jury was not determined with determining the codefendant's guilt for these crimes. Moreover, the evidence clearly established that appellant and his codefendant both participated in the purchases and transfer of a large quantity of cocaine, demonstrating that they were accomplices.]

Ex. 9, at 5 (ECF No. 31-10, at 6). Based upon the facts of the traffic stop and search of the vehicle, summarized above, the Nevada Supreme Court reasonably could have concluded that that evidence

---

[1]The court will discuss the error in greater detail with respect to ground 7, below.

provided sufficient corroboration to Sierz's testimony, such that trial counsel reasonably could have decided not to challenge the issue.

The Nevada Supreme Court also reasonably determined that counsel did not need to argue that the jury should have determined that Sierz was an accomplice. The sole reason for arguing that Sierz was an accomplice was to ensure that the corroboration requirement of Nev. Rev. Stat. § 175.291 applied to Sierz's testimony. If Sierz was not an accomplice, then the corroboration requirement did not apply. The evidence described above showed that petitioner and Sierz were accomplices. The Nevada Supreme Court analyzed Sierz's testimony as if he was an accomplice and found that plenty of corroborating evidence existed. Even if a determination that a person is an accomplice is a matter left to the jury, petitioner suffered no prejudice from any lack of argument to the jury that Sierz was an accomplice.

Reasonable jurists would not find the court's conclusions on ground 4 to be debatable or wrong, and the court will not issue a certificate of appealability for this ground.

Ground 5 is a claim that counsel provided ineffective assistance because counsel did not discuss discovery with petitioner, did not discuss defense strategies with petitioner, and did not cross-examine Sierz whether Sierz was a paid informant for the federal Drug Enforcement Agency. On this issue, the Nevada Supreme Court held:

> Seventh, appellant claimed that his trial counsel was ineffective for failing to discuss the evidence or trial strategy with him. Appellant failed to demonstrate that he was prejudiced. Given the overwhelming evidence of appellant's guilt presented at trial, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel discussed the evidence or a trial strategy with appellant. Therefore, the district court did not err in denying this claim.
>
> Eighth, appellant claimed that his counsel knew that his codefendant both committed perjury while testifying against appellant and was paid by the government to be an informant, yet counsel did not inform the jury of these issues. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that his codefendant committed perjury and he failed to demonstrate reasonable counsel would have argued that the codefendant committed perjury. Counsel cross-examined the codefendant regarding his plea deal with the State and his motivations for testifying against appellant. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel questioned the codefendant further regarding his potential biases. Therefore, the district court did not err in denying this claim.

Ex. 9, at 5-6 (ECF No. 31-10, at 6-7). Petitioner does not allege what evidence or theories he wanted to discuss with counsel, nor does he allege how such discussion would have led to a

-6-

reasonable probability of a different result at trial. Petitioner also does not allege facts showing that Sierz committed perjury. He alleges a broad web of conspiracy that includes his own counsel, but petitioner does not take into account the critical facts: He was caught red-handed with ten pounds of cocaine. The Nevada Supreme Court reasonably could have concluded that petitioner suffered no prejudice from a lack of inquiry into what other deals, if any, Sierz had with the Drug Enforcement Agency. Ground 5 is without merit.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability for ground 5.

Ground 7 is a claim that counsel failed to raise a claim that the Double Jeopardy Clause was violated. On this issue, the Nevada Supreme Court held:

> Fourth, appellant claimed that his trial counsel was ineffective for failing to argue that the Double Jeopardy Clause barred the second trial after the first trial was declared a mistrial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. After a mistrial, the retrial will not be barred by double jeopardy if the "mistrial was dictated by manifest necessity or the ends of justice" and, "in the presence of manifest necessity, whether the prosecutor is responsible for the circumstances which necessitated declaration of a mistrial." . . . Here, the district court declared a mistrial because appellant's counsel conceded appellant's guilt to two counts without first obtaining appellant's consent. Under these circumstances, appellant was properly retried after his first trial was declared to be a mistrial. . . . Therefore, the district court did not err in denying this claim.

Ex. 9, at 3-4 (ECF No. 31-10, at 4-5).

Arizona v. Washington, 434 U.S. 497 (1978), is similar to petitioner's case. Washington was convicted of murder in his first trial. A state superior court then determined that the prosecution had withheld exculpatory evidence from Washington, and the court ordered a new trial. 434 U.S. at 498. At the start of Washington's second trial, his attorney told the jury in his opening statement that the second trial was occurring because the prosecution had suppressed and hidden evidence in the first trial. Id. at 499. The trial court declared a mistrial. Id. at 501. Washington argued that retrial violated the double jeopardy clause of the Fifth Amendment.

The Court noted two extremes when a criminal court might declare a mistrial. On one end is a mistrial caused by the prosecution. "[T]he strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to harass or to achieve a tactical advantage

over the accused." 434 U.S. at 508 (footnotes omitted). "At the other extreme is the mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict, long considered the classic basis for a proper mistrial." Id. at 509 (footnote omitted). In that situation, reviewing courts should give great deference to the trial judge's decision. Id. at 510. The court then turned to its issue, improper comments in the opening statement. It noted that it could not measure the extent of possible bias that the comment caused in the jurors, and it also noted that some trial judges might have given cautionary instructions to the jury instead of declaring a mistrial. "Nevertheless, the overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment." Id. at 511. The Court noted that improper comments could bias an entire jury, such that curative instructions, removal of counsel from the case, or other sanctions could not solve the problem. Id. at 513. The court also noted that a stringent standard of appellate review might deter a trial judge from declaring a mistrial when one would be warranted, because a retrial would be barred if a reviewing court disagreed with the trial judge's assessment of the issue. Id. Finally, the Court noted that a trial judge has first-hand experience with the trial situation, more so than any reviewing court. Id. at 514.

In petitioner's case, the prosecution was in no way at fault for the concession of guilt on two counts. That concession followed from a decision of defense counsel without first obtaining ironclad consent from petitioner.[2] The concession was worse for petitioner than Washington's improper comment. The improper comment in Washington criticized the prosecution. The concession in petitioner's case harmed his own case, given that petitioner did not want to concede guilt. Any juror who heard that concession on two of three counts, and then later heard arguments that petitioner should be found not guilty on all three counts, would at least wonder what had

---

[2] The state district court noted that counsel told petitioner that his best option was to admit guilt to the two less-serious counts while contesting the more-serious count. Petitioner's response was to "do whatever you want." Ex. 8, at 5 (ECF No. 31-9, at 6). Petitioner's response could be seen as consent, but it also could be seen as a comment by a person who is frustrated that the case is not going the way he wants it to go. However, even if petitioner did give unequivocal consent to counsel's strategy before trial, petitioner still was able to change his mind.

happened. The Nevada Supreme Court reasonably could have concluded that the concession created a manifest necessity for a mistrial and a retrial. The Nevada Supreme Court also reasonably could have concluded that an objection to retrial had no reasonable probability of success, such that petitioner suffered no prejudice from the lack of an objection. Ground 7 is without merit.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability for ground 7.

Ground 8 is a claim that trial counsel failed to cross-examine the prosecution's drug-testing experts. On this issue, the Nevada Supreme Court held:

> Fifth, appellant claimed that his trial counsel was ineffective for failing to cross-examine the State's expert witnesses. Appellant failed to demonstrate that he was prejudiced. The State's experts testified regarding their testing of the cocaine and additional evidence discovered in the vehicle. Given the nature of the expert testimony and the overwhelming evidence of appellant's guilt, appellant failed to demonstrate a reasonable probability of a different outcome had counsel cross-examined these experts. Therefore, the district court did not err in denying this claim.

Ex. 9, at 4 (ECF No. 31-10, at 5). The only issue that petitioner raises is why it took three months to perform a laboratory test for the cocaine, but petitioner does not explain why it was important for counsel to ask that question. Petitioner does not allege what else counsel should have asked. The Nevada Supreme Court reasonably concluded that petitioner had failed to demonstrate prejudice. Ground 8 is without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 8.

As noted above, ground 3 contained a claim of ineffective assistance of appellate counsel. "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). Appellate counsel need not raise every non-frivolous issue on appeal to be effective. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). A claim of ineffective assistance of appellate counsel is evaluated the same way that a claim of ineffective assistance of trial counsel is evaluated. Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

Petitioner claims in ground 3 that because appellate counsel had a conflict of interest, he did not raise all available claims on direct appeal and he did not contact petitioner during the direct appeal. On this issue, the Nevada Supreme Court held:

> First, appellant claimed that his appellate counsel had a conflict of interest because counsel did not raise available claims on appeal and did not contact appellant during the direct appeal proceedings. These issues do not demonstrate an actual conflict of interest or that his counsel had divided loyalties. . . . Therefore, the district court did not err in denying this claim.

Ex. 9, at 7 (ECF No. 31-10, at 8). The court has noted above that counsel was not operating under a conflict of interest because at the first trial counsel conceded petitioner's guilt on two counts. Appellate counsel also did not operate under a conflict of interest simply because appellate counsel does not raise on direct appeal the issues that petitioner wanted raised. The Nevada Supreme Court reasonably applied Strickland. To the extent that petitioner is claiming that appellate counsel provided ineffective assistance, regardless of a conflict of interest, because appellate counsel did not raise on direct appeal the issues that underlie the grounds in the petition, the claim is without merit for the same reasons why those grounds are without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for this part of ground 3.

IT IS THEREFORE ORDERED that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 21) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: March 6, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Court