# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RENE F. FERNANDEZ,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:13-cv-02158-GMN-VCF

**ORDER**

    The court has denied the amended petition for a writ of habeas corpus. The court entered judgment on March 7, 2017. Petitioner has filed a motion for extension of time to file a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 55). The time to file a Rule 60 motion is one year from entry of judgment. Petitioner does not need extra time to file that motion.

    The court assumes that petitioner wants to file a Rule 60 motion and then to appeal the final judgment of this action after disposition of the Rule 60 motion. Normally, a notice of appeal must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). However, the 30-day time to appeal this court's judgment starts to run from the entry of an order disposing of a Rule 60 motion, if that motion is filed no later than 28 days after entry of judgment. Fed. R. App. P. 4(a)(4)(A). The court may extend the time to file a notice of appeal if petitioner files a motion for extension of time within 30 days after expiration of the time to appeal. Fed. R. App. P. 4(a)(5)(A)(i). Appellate Rule 4 does not provide for an extension of the 28-day time to file a Civil Rule 60 motion that would then toll the time to file a notice of appeal. "[T]he timely filing of a

notice of appeal in a civil case is a jurisdictional requirement[,]" and "this [c]ourt has no authority to create equitable exceptions. . . ." Bowles v. Russell, 551 U.S. 205, 214 (2007). The court cannot combine the tolling provision of Rule 4(a)(4)(A) and the extension of Rule 4(a)(5)(A)(i). If this court granted petitioner an extension when the rule does not specifically allow an exception, then the court likely would block petitioner from any appellate review of the denial of his amended habeas corpus petition.

The court will grant petitioner an extension of time to file a notice of appeal. Petitioner needs to understand that if he files a Rule 60 motion, he likely will be unable to appeal the denial of the amended petition. Also, petitioner should determine whether a Rule 60 motion is what he wants to pursue. "Rule 60(b) cannot be used as a substitute for an appeal." McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citation omitted).

IT IS THEREFORE ORDERED that petitioner's motion for extension of time (ECF No. 55) is **GRANTED** in part. Petitioner will have through Friday, May 5, 2017, to file a notice of appeal from the final judgment.

DATED: April 4, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Court